# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PHILIP T. NORRIS,

        Petitioner,

v.                                Case No. 13-14697

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Philip T. Norris (Norris) has filed a habeas corpus petition under 12 U.S.C. § 2254, challenging his convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich Comp. Laws § 750.227b. Norris alleges as grounds for relief that his trial attorney was ineffective, that the trial judge's decision to bar the testimony of two defense witnesses deprived him of a fair trial, and that the prosecutor committed misconduct. Respondent Lloyd Rapelje (Respondent) argues in an answer to the habeas petition that Norris's claims are barred by the statute of limitations, that some of Norris's claims are also procedurally defaulted, and that the state courts' adjudication of the claims was objectively reasonable. The court agrees that Norris's claims are time-barred. Accordingly, the habeas petition will be dismissed on that basis.

## I. BACKGROUND

Norris was charged in Wayne County, Michigan with five crimes: assault with intent to rob while armed, assault with intent to commit murder, attempted carjacking, felon in possession of a firearm, and felony firearm. The charges arose from the shooting of Dwayne Goings in Detroit on April 18, 2007. Norris was tried before a jury in Wayne County Circuit Court where:

> Goings testified that he was waiting in his car outside a party [store] when [Norris] and another man approached him with a gun. Goings tried to drive off, but several gunshots were fired and Goings received two bullet wounds. Goings identified [Norris] as the shooter. Another witness, Ronald Johnson, testified that the had known [Norris] for approximately two years. After hearing gunshots, he looked out the side door of his house and saw [Norris] running down the street with a gun.

*People v. Norris*, No. 283289, 2009 WL 1362340, at *1 (Mich. Ct. App. May 14, 2009).

The trial court directed a verdict of acquittal on the assault-with-intent-to-rob charge, and on November 1, 2007, the jury acquitted Norris of the attempted carjacking charge. The jury nevertheless found Norris guilty of assault with intent to commit murder, felon in possession of a firearm, and felony firearm. On December 14, 2007, the trial court sentenced Norris to two years in prison for the felony firearm conviction, followed by concurrent terms of eleven to eighteen years in prison for the assault-with-intent-to-murder conviction and two to five years in prison for the felon-in-possession conviction.

In an appeal as of right, Norris argued through counsel that his trial attorney deprived him of effective assistance by (1) failing to sequester two of his alibi witnesses during the preliminary examination and failing to remedy the issue through a motion, (2) failing to investigate all possible defenses and issues regarding the identification of

2

Norris, and (3) depriving him of his constitutional right to testify. In a *pro se* supplemental brief, Norris claimed that the police failed to preserve exculpatory evidence and that there was insufficient evidence to convict him of assault with intent to commit murder. The Michigan Court of Appeals affirmed Norris's convictions, *see id.*, and on October 26, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Norris*, No. 139154, 773 N.W.2d 681 (Mich. 2009) (table).

On August 5, 2010, Norris filed a motion for relief from judgment through new counsel.[1] He argued that (1) his trial attorney was ineffective, (2) the trial judge's instructions and decision to bar the testimony of two of Norris's most important witnesses denied him a fair trial, (3) the prosecutor deprived him of a fair trial by allowing the officer in charge to lie and by not asking questions in good faith, and (4) appellate counsel was ineffective for failing to raise these issues on appeal.

On September 29, 2011, the trial court denied Norris's motion under Michigan Court Rule 6.508(D). The court stated that Norris previously raised his claims on appeal or could have raised the claims on appeal and failed to establish "good cause" for his omission and "actual prejudice." *See People v. Norris*, Op. Denying Pet'r's Mot. for Relief from J., No. 047-008723-01-FC (Wayne Cty. Cir. Ct. Sept. 29, 2011). The Michigan Court of Appeals denied leave to appeal the trial court's decision for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Norris*, No. 307276 (Mich. Ct. App. May 21, 2012). On November 20, 2012, the Michigan Supreme Court

---

[1] See Pet'r's Reply to Answer to Pet. For Writ of Habeas Corpus, at 2 n.1. and Ex. 1.

3

denied leave to appeal for the same reason. *See People v. Norris*, No. 145393, 822 N.W. 2d 233 (Mich. 2012) (table). Finally, on November 13, 2013, Petitioner filed his habeas corpus petition through counsel.

## II. Analysis

### A. Clearly Established Federal Law

Respondent asserts that Norris failed to comply with the statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA governs this case because Norris filed his habeas petition after AEDPA was enacted. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

AEDPA established a one-year period of limitations for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, No. 14-1247, __ F.3d __, 2016 WL 4271875, at *2 (6th Cir. Aug. 15, 2016) (citing § 2244(d)(1)). The limitations period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "AEDPA also contains a tolling provision, which specifies that the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection'." *Holbrook*, 2016 WL 4271875, at *2 (quoting 28 U.S.C. § 2244(d)(2)).

Norris is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not asserted that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the statute of limitations began to run in this case when Norris's "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" concludes for the purposes of § 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"–when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"–when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). A petition for the writ of certiorari in the United States Supreme Court must be field within ninety days of the judgment in a state court of last resort. Sup. Ct. R. 13.1.

5

## B. Application

Norris did not seek a writ of certiorari in the United States Supreme Court. Therefore, his judgment became final on January 24, 2010, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. The statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted for 192 days, that is, until August 5, 2010, when Norris filed his motion for relief from judgment. The motion remained pending in state court until November 20, 2012, when the Michigan Supreme Court denied leave to appeal the trial court's denial of Norris's post-conviction motion. At that point, Norris had 173 days, or until May 12, 2013, in which to file his habeas corpus petition.[2] Norris did not file his habeas petition until six months later on November 13, 2013.

Stated another way, the statute of limitations ran a total of 549 days: 192 days between the date that Norris's conviction became final (January 24, 2010), and the date that he filed his motion for relief from judgment (August 5, 2010); and 357 days between the date that the state courts concluded their review of Norris's motion for relief from judgment (November 20, 2012) and the date that Norris filed his habeas corpus petition (November 13, 2013). Because this was more than one year, the habeas petition is untimely.

---

[2] The statute of limitations is not tolled for the time during which a prisoner could have filed a petition for writ of certiorari in the United States Supreme Court following a state collateral review of his conviction. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (stating that "the filing of a petition for certiorari before this court does not toll the statute of limitations under § 2244(d)(2)").

## C. Equitable Tolling

Norris does not deny the fact that his habeas petition is untimely. Instead, he urges the court to equitably toll the limitations period on the basis that his former attorney incorrectly advised him that he had one year from the conclusion of state collateral review to file his habeas petition.

The Supreme Court has "made clear that a [habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting Holland's two-factor test for determining whether a habeas petitioner is entitled to equitable tolling).

Norris's former attorney informed Norris by letter on January 22, 2013, and again on June 28, 2013, that Norris should file a petition for the writ of habeas corpus within one year of the date of the Michigan Supreme Court's order. *See* Pet'r's Reply to Answer to Pet. for Writ of Habeas Corpus, Exs. 2 and 3. This was incorrect advice. The attorney apparently failed to realize that the limitations period had already run 192 days after Norris's conviction became final and before he filed his motion for relief from judgment and that Norris had only 173 days from the state supreme court's decision to file his habeas petition. Consequently, even though Norris filed his habeas petition within one year of the Michigan Supreme Court's order on state collateral review, his habeas petition is untimely.

Norris contends that his claim about his former attorney is not a "garden variety claim of excusable neglect," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and that it was entirely reasonable for him to rely on his attorney's incorrect advice about the filing deadline for his habeas petition. The Supreme Court, however, has stated that an attorney's error "is constructively attributable to the client and thus is not a circumstance beyond a litigant's control." *Holland*, 560 U.S. at 657. Even though Norris maintains that his attorney's error was an extraordinary circumstance warranting equitable tolling, the Sixth Circuit recently pointed out that,

> [g]enerally an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling. *See* [*Holland*, 560 U.S. at 651-52] ("[S]imple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling."); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, a lawyer's mistake is not a valid basis for equitable tolling.") (internal quotation marks and citation omitted).

*Giles v. Beckstrom*, 826 F.3d 321, 325-26 (6th Cir. 2016); *accord Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) ("attorney error is an inadequate justification for equitable tolling in this circuit"); *Whalen v. Randle*, 37 F. App'x 113, 119-20 (6th Cir. 2002) (stating that "a lawyer's mistake is not a valid basis for equitable tolling" and concluding that the petitioner did not qualify for equitable tolling on the basis of the attorney's incorrect advice about the filing deadline for a habeas petition); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling").

Although the Supreme Court stated in *Holland* that an attorney's egregious conduct could create an extraordinary circumstance warranting equitable tolling, 560 U.S. at 651, Holland's attorney failed to: (1) file the habeas petition on time despite the

8

petitioner's many letters emphasizing the importance of doing so; (2) perform the research necessary to determine the proper filing date despite the petitioner's letters identifying the applicable legal rules; (3) inform the petitioner in a timely manner that the state supreme court had decided his case; and (4) communicate with the petitioner over a period of years despite the petitioner's pleas for a response to his letters. *Id.* at 562.

These attorney shortcomings are not present in this case. Norris's former attorney communicated with Norris after the Michigan Supreme Court denied leave to appeal on state collateral review. The attorney also sent Norris a form so that he could file his own habeas corpus petition, advised Norris to attach the attorney's state appellate brief to the habeas petition, and suggested that Norris ask the federal court to appoint counsel for him. (Dkt. #7-2.)

Although the attorney gave misleading advice about the deadline for Norris's habeas petition, her conduct did not amount to egregious behavior, and it did not create an extraordinary circumstance entitling Norris to equitable tolling of the limitations period. The court therefore declines to equitably toll the limitations period on the basis of the attorney's incorrect advice.

### D. Actual Innocence

Petitioner has not asserted actual innocence as a basis for excusing the late filing of his habeas petition, but the Supreme Court has held that actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when impediment to consideration on the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway

please are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "*Schlup* instructs that additional evidence of actual innocence must be both new and reliable before it can be considered." *Cleveland v. Bradshaw*, 693 F.3d 626, 636 (6th Cir. 2012). Norris has not presented the court with any new and credible evidence of actual innocence. Therefore, he may not pass through the "actual innocence" gateway and have his claims heard on the merits.

Norris filed his habeas petition after the statute of limitations expired, and he is not entitled to equitable tolling of the limitations period. He also has not asserted a credible claim of actual innocence. The court will therefore dismiss the habeas corpus petition (Dkt. #1) as untimely.

### III. DENYING A CERTIFICATE

Norris may not appeal the denial of this court's decision denying his habeas petition unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here, a district court

rejects a habeas petition on procedural grounds without reaching the merits of the petitioner's underlying claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists in this Circuit could not debate the court's determination that Norris's petition is untimely and that he is not entitled to equitable tolling of the limitations period. The court will therefore deny a certificate of appealability.

## IV. CONCLUSION

IT IS ORDERED that the petition for a writ of habeas corpus (Dkt. #1) is DISMISSED as time-barred.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 31, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2016, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522